THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE SMITH, Defendant-Appellant.

Third District   No. 78-306

▇▇▇▇▇▇

Opinion filed August 15, 1979.

▇▇▇▇▇▇▇▇▇▇▇

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On February 14, 1978, the defendant, Eddie Smith, was indicted for the offense of rape. After a jury found the defendant guilty, and following a presentencing report and sentencing hearing, he was sentenced to a term of imprisonment of not less than 12 nor more than 20 years. At the sentencing hearing, the trial court, indicating that the defendant had a right to elect between the old and new sentencing laws, asked the defense counsel whether the matter had been "gone over." Counsel replied that the matter had been discussed and that the defendant had elected to be sentenced under the law in effect prior to February 1, 1978. The trial court proceeded with the sentencing hearing without informing the defendant specifically of the sentences which would be imposed under each scheme of sentencing.

■■ Whether the defendant was denied his right to due process and equal

protection because the trial court, by failing to specify the sentences which would be imposed under each of the sentencing schemes, did not permit the defendant to make a meaningful choice between the old and new sentencing acts is the first issue raised by the defendant. This court has already addressed similar issues in other appeals, determining that the defendant need only be advised of the plan or system of sentencing and need not be advised of alternative specific sentences. (*People v. Rickman* (1979), 73 Ill. App. 3d 755, 391 N.E.2d 1114; *People v. Peoples* (1979), 71 Ill. App. 3d 842, 390 N.E.2d 554.) No statute or supreme court rule specifies an admonition which must be recited to the defendant prior to the election or requires a knowing and intelligent election. (*People v. Gunner* (1979), 73 Ill. App. 3d 533, 392 N.E.2d 165.) It is the defense counsel's burden to explain and suggest what seems to be the best choice for the defendant. (*People v. Warfel* (1979), 67 Ill. App. 3d 620, 385 N.E.2d 175.) Where a trial court has placed on the defense counsel the burden of admonishing the defendant and where the record reflects that the defense counsel has advised the defendant of his options, absent any complaint by the defendant of being inadequately counseled by his attorney or that a different election might have resulted from a more thorough explanation by the trial court, no error will be ascribed to the action of the trial court. *People v. Gunner* (1979), 73 Ill. App. 3d 533, 392 N.E.2d 165.

■■ In the case at bar, the defendant argues only that the defendant should have been informed of specific, alternative sentences. Therefore, we find no error in the election procedure below.

A second issue raised by the defendant is whether the sentence imposed was excessive. The sentence imposed is within the statutory guidelines. (Ill. Rev. Stat. 1977, ch. 38, pars. 11—1(c), 1005—8—1.) Since the trial court is in a better position to make a sound determination of the punishment to be imposed, a reviewing court, absent a showing of an abuse of discretion, will not disturb the sentence imposed. (*People v. Short* (1978), 62 Ill. App. 3d 733, 379 N.E.2d 360.) A sentence in excess of the minimum may be imposed when the trial court determines that the nature and circumstances of the offense and the history and character of the defendant so require. Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(c)(2); *People v. Phillips* (1978), 58 Ill. App. 3d 109, 373 N.E.2d 1072.

■ The criminal history of this defendant includes a conviction for burglary and four convictions for theft. In addition, the nature of the instant offense, we believe, requires the imposition of a greater-than-minimum sentence, for the defendant forced his way into the apartment of a 61-year-old woman, choked her, dragged her into a bedroom, raped her while continuing to choke her, threatened to kill the victim if she did

not submit and, at the rape's conclusion, threatened to kill the victim if the police were notified. It was not an abuse of discretion for the trial court to impose as a sentence a term of imprisonment of not less than 12 nor more than 20 years.

Accordingly, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.