THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HENRY LEE EDWARDS, Defendant-Appellant.

Third District   No. 79-304

Opinion filed September 24, 1979.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Henry Lee Edwards appeals from a sentence of a term of from 5 to 15 years in the penitentiary, following his conviction of the crime of robbery, in a jury trial in Kankakee County.

On appeal in this court, defendant contends that the sentence should be vacated and cause remanded for resentencing for the reason that the record in the case, he contends, does not establish that the election by defendant between the old and new sentencing laws was knowing and informed.

Although neither the trial court nor the defense counsel explained, in court, on the record, the difference between the old and new sentencing laws prior to the election by defendant as to the law he selected for sentencing, the record clearly shows that the counsel for defense stated in court, of record, that he had previously explained to the defendant the differences between the old and the new sentencing law and as to how the choice would affect defendant.

■■ In support of the argument made by defendant, he cites our opinion in *People v. Peoples* (1979), 71 Ill. App. 3d 842, 390 N.E.2d 554. In the *Peoples* case, we cited, with approval, *People v. Dozier* (1979), 67 Ill. App. 3d 611, 385 N.E.2d 155, in which the court specifically concluded that there is no requirement, by the terms of the statutory language, that an election be knowing or intelligent. The court in that case stated that there was no requirement that the sentencing judge must explain the variances between the respective acts or that the trial court admonish a defendant as to what will be or might be his best or most advantageous choice or that the trial court must tell him, in advance of election, what the sentences would be under each act.

■■ We noted in our *Peoples* case that defense counsel has the primary burden of explaining and admonishing the defendant as to his options under the respective acts. Where there is no complaint that the defendant was inadequately counseled by his attorney, there is no error requiring a remandment for the purpose of resentencing.

■■ In the instant case, the record clearly shows that the defense counsel informed the defendant of the differences between the old and the new sentencing laws. There is no requirement that such advice to defendant, by either the defense counsel or the trial court, be specifically detailed and made a part of the record in the trial court.

The record, in the instant case, does affirmatively show that counsel advised defendant of the difference between the acts, and the consequences which would flow as to the defendant from an election under either of the acts.

We find no basis for the defendant's contention that such advice must be detailed either by the trial court or defense counsel, of record in the trial court, particularly if there is no contention that defendant was inadequately or improperly counseled.

For the reasons stated, therefore, the sentence imposed by the Circuit Court of Kankakee County, in this cause, is affirmed.

Sentence affirmed.

STOUDER, P. J., and STENGEL, J., concur.