THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CURTIS CROOKS, Defendant-Appellant.

Third District   No. 78-384

Opinion filed November 27, 1979.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of this court:

Having been found guilty of the unlawful delivery of a controlled substance, the defendant, Curtis Crooks, pursuant to his election to be sentenced under the law in effect prior to February 1, 1978, was sentenced to a term of imprisonment of not less than two nor more than six years. Only the following exchange in regard to the election is reflected in the record:

"THE COURT: The Court will call upon the defendant now to elect as to which law to be sentenced under in reference to these two cases.

MR. RIDDLE (Defense Counsel): The defense elects to be sentenced under the law existing prior to February 1, 1978."

In this appeal, the defendant asks that the sentence imposed be vacated and the cause remanded for resentencing because the advice of counsel is not detailed of record and, therefore, the record does not establish that the defendant's election was knowing and informed. This court specifically rejected this argument in *People v. Edwards* (1979), 76 Ill. App. 3d 228, 394 N.E.2d 1391.

As a result of the *Edwards* decision, the defendant's argument is

altered somewhat in his reply brief. Therein, the defendant argues that the record must reflect that counsel advised the defendant concerning the election, even though the details of that advice are not of record.

It is noted that this defendant is not complaining of being inadequately counseled by his attorney concerning the election between the sentencing laws. Instead, he argues only that the record does not reflect he was advised. In *Edwards*, we stated that, in the absence of a complaint of being inadequately counseled, there is no error requiring remandment for resentencing. Even though the record in *Edwards* demonstrated that the defense counsel had informed the defendant of the difference between the old and new sentencing laws, we believe the reasoning employed there would equally apply here. Absent a complaint of inadequate counseling, there is no error which would warrant a remandment for resentencing.

Accordingly, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

BARRY and STENGEL, JJ., concur.