THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MELVIN WILLIAMS, Defendant-Appellant.

First District (5th Division)    No. 79-1058

Opinion filed November 7, 1980.—Modified on denial of rehearing December 19,
1980.

Ralph Ruebner and Fe Fernandez, both of State Appellate Defender's
Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Pamela L. Gray, and John M. Hynes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant was indicted for attempt murder, attempt armed robbery and aggravated battery. (Ill. Rev. Stat. 1975, ch. 38, pars. 8—4, 9—1, 18—2 and 12—4(b)(1).) Following a jury trial, he was found guilty of all three charges and concurrent sentences of 40 and 30 years were imposed for the attempt murder and attempt armed robbery charges, respectively. In his State Appellate Defender's brief, defendant contends that: (1) he was deprived of his right to make an intelligent election between sentencing alternatives by the trial court's failure to explain the alternatives; and (2) the extended term provisions (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—8—2) were improperly applied in this case. In a *pro se* brief, defendant raises the following additional contentions: (1) the pretrial identification procedures were unnecessarily suggestive and conducive to mistaken identification; (2) he was denied effective assistance of counsel by the lineup procedures; and (3) he was not proved guilty beyond a reasonable doubt. We affirm.

A brief summary of the evidence will be sufficient here and further details will be set forth as necessary to resolve defendant's contentions. The evidence at trial established that on November 30, 1977, Willie White, a cab driver, picked up three men and a woman at about 10:30 p.m. at a well-lit intersection. Two of the men and the woman got into the back seat while a man whom White identified as defendant got into the front seat. White looked at defendant for about half a minute before he allowed him to enter the front seat.

As they drove along well-lit streets, White conversed with defendant and looked at him. At one point in the trip White came face to face with defendant when he helped defendant close his window. When they arrived at their destination, a person in the back pulled a gun and announced a stickup. White began to wrestle with the gunman when three shots were fired. While the people in the back seat fled, White looked at defendant for about 30 seconds and saw that he was armed with a gun. He told defendant that he had only $18 and defendant left.

White drove several blocks before collapsing and being taken to a hospital. On December 9, 1977, a police officer visited him in the hospital and showed him eight black-and-white photographs. White picked defendant's photo from them.

Following a police investigation, defendant was arrested on December 31, 1977, and advised of his constitutional rights. Later that day he appeared in a five-man lineup and was again identified by White as his assailant.

In defense, defendant presented White's preliminary hearing testimony in which he stated that after viewing the photographs in the hospital and selecting defendant's, he told the police officer, "I'm almost sure that this is the guy."

The jury found defendant guilty of attempt murder, attempt armed robbery and aggravated battery. Defendant elected to be sentenced under the new code (Ill. Rev. Stat. 1978 Supp., ch. 38, pars. 1005—8—1 and 1005—8—2) and the trial judge found both aggravating factors (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—5—3.2) to be present and sentenced defendant to concurrent terms of 40 and 30 years for the attempt murder and attempt armed robbery, respectively. Defendant appeals.

OPINION

I.

Defendant contends that the trial court's failure to explain the difference in sentencing alternatives between the old code (Ill. Rev. Stat. 1977, ch. 38, pars. 1005—8—1 and 1005—8—2) and the new code (Ill. Rev. Stat. 1978 Supp., ch. 38, pars. 1005—8—1 and 1005—8—2) deprived him of his right to make an intelligent election between the two. The record reveals that the following transpired at the sentencing hearing:

"The Court: Ready for aggravation and mitigation? What's the election?

[Defense counsel]: Under the new law."

Defendant asserts that the report of proceedings does not demonstrate that either the trial court or his counsel advised him of the differences in the sentencing acts and that there is nothing in the record to indicate that he exercised his right to make an informed election.

■■ ■ While a trial judge may feel obliged to explain the differences between the two sentencing acts prior to a defendant's election, there is no requirement that he do so. (*People v. Daily* (1979), 79 Ill. App. 3d 928, 940, 398 N.E.2d 923, 932; *People v. Dozier* (1979), 67 Ill. App. 3d 611, 615, 385 N.E.2d 155, 158.) All that the judge is required to do is to advise a defendant of his right to election. (*People v. Daily; People v. Warfel* (1979), 67 Ill. App. 3d 620, 627, 385 N.E.2d 175, 180.) The burden is on defendant's counsel to explain and suggest what appears to be the better choice. (*People v. Hamilton* (1980), 80 Ill. App. 3d 794, 806, 400 N.E.2d 599, 608; *People v. Daily; People v. Smith* (1979), 74 Ill. App. 3d 796, 798, 394 N.E.2d 53, 54.) Defendant does not contend that he was inadequately counseled by his attorney prior to his election, and there is no requirement that the advice given to defendant be included in the record, particularly in the absence of such a claim. (*People v. Parish* (1980), 82 Ill. App. 3d 1028, 1033, 403 N.E.2d 725, 729.) In addition, without a claim of inadequate counseling, the fact that the record does not reflect what he

was advised is not error warranting remandment for resentencing. (*People v. Crooks* (1979), 78 Ill. App. 3d 711, 712, 397 N.E.2d 561, 562.) We therefore find this contention to be without merit.

## II.

Defendant next contends that the extended term provision (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—8—2) was improperly applied in this case because: (1) the additional statutory elements (aggravating factors) necessary for the imposition of an extended term (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—5—3.2(b)) were not charged in the indictment nor proved at trial; and (2) an extended term cannot be imposed for attempt, an unclassified offense.

■■ It has been repeatedly held that the aggravating factors are not necessary elements of the crime charged and need not be alleged in the indictment or proved at trial. (*People v. Harris* (1980), 83 Ill. App. 3d 1123, 1127, 404 N.E.2d 1020, 1024; *People v. Eckles* (1980), 83 Ill. App. 3d 292, 305, 404 N.E.2d 358, 368; *People v. Mays* (1980), 80 Ill. App. 3d 340, 344, 399 N.E.2d 718, 721; *People v. Butler* (1979), 78 Ill. App. 3d 809, 813-14, 396 N.E.2d 1374, 1376-77.) Further discussion of the first part of defendant's contention is unnecessary.

Concerning the second aspect of this issue, defendant contends that since attempt murder is an unclassified offense (see *People v. Moore* (1978), 69 Ill. 2d 520, 372 N.E.2d 666) as is attempt armed robbery and the extended term section (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—8—2) specifically applies to murder and the classified offenses listed therein, an extended term cannot be imposed for a conviction of the unclassified offense of attempt.

The attempt statute (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 8—4) provides in pertinent part:

> "A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but, * * *
>
> (1) the sentence for attempt to commit murder shall not exceed the sentence for a Class X felony;
>
> (2) the sentence for attempt to commit a Class X felony shall not exceed the sentence for a Class 1 felony; * * *."

■■ The term of imprisonment provided for a Class X felony is 6 to 30 years or 30 to 60 years if an extended term is warranted by aggravating factors while the sentence for a Class 1 felony is 4 to 15 years or 15 to 30 years for an extended term. (Ill. Rev. Stat. 1978 Supp., ch. 38, pars. 1005—8—1(a)(3) and (4) and 1005—8—2(a)(2) and (3).) Since the attempt statute prescribes that the sentence for an attempt shall not exceed the maximum sentence for the particular class of felony listed, it necessarily

includes the provisions for an extended term in determining the maximum. As recently decided in *People v. Sally* (1980), 84 Ill. App. 3d 167, 170, 405 N.E.2d 407, 410, the extended term section deals exclusively with maximum sentences and not crime classification and is therefore applicable in determining the maximum sentence for an attempt. We therefore find defendant's sentences of 40 years for the attempt murder and 30 years for the attempt armed robbery to be statutorily authorized.

### III.

In his *pro se* brief defendant contends that the pretrial identification procedures were so unnecessarily suggestive and conducive to mistaken identification as to deny him due process. He challenges both the photograph identification made by the victim while in the hospital and the lineup conducted about a month after the shooting.

Whether a pretrial identification procedure denies a defendant due process depends on whether, based on the totality of the circumstances, the procedure was unnecessarily suggestive and conducive to irreparable misidentification. (*Foster v. California* (1969), 394 U.S. 440, 442, 22 L. Ed. 2d 402, 406, 89 S. Ct. 1127, 1128; *Neil v. Biggers* (1972), 409 U.S. 188, 197, 34 L. Ed. 2d 401, 410, 93 S. Ct. 375, 381.) The test applies to both photographic identification procedures (*Simmons v. United States* (1968), 390 U.S. 377, 384, 19 L. Ed. 2d 1247, 1253, 88 S. Ct. 967, 971; *People v. McTush* (1980), 81 Ill. 2d 513, 410 N.E.2d 861) and lineups. (*Foster v. California*; see *People v. Owens* (1977), 46 Ill. App. 3d 978, 990, 361 N.E.2d 644, 653-54.) The burden is on defendant to establish the illegality of the identification procedure. *People v. McTush*; *People v. Brown* (1972), 52 Ill. 2d 94, 100, 285 N.E.2d 1, 5; *People v. Blumenshine* (1969), 42 Ill. 2d 508, 511, 250 N.E.2d 152, 154.

Defendant does not point to any evidence to support his claim that the procedures employed in the instant case were suggestive and has thus failed to sustain his burden in establishing their illegality. In addition, a review of the testimony taken at the hearing on his pretrial motion to suppress the identification does not reveal any elements of suggestiveness. The victim viewed eight black-and-white photographs of men who were about the same age and physical description. The police did not indicate for which man they were looking. The victim selected defendant's picture as his assailant. We find that the record fails to demonstrate that this procedure was suggestive. Likewise, the testimony regarding the five-man lineup conducted after defendant's arrest fails to establish any suggestiveness in the procedure. Since defendant has failed to establish the illegality of the procedures, we find this contention to be without merit.

## IV.

Defendant also contends that he was denied effective assistance of counsel by the unnecessarily suggestive lineup procedures which were conducted without the presence of his counsel. As already discussed, defendant has failed to establish the illegality of the pretrial identification, and we do not consider that aspect of this contention.

■■ The right to counsel attaches only to corporeal identifications conducted at or after the initiation of adversary judicial criminal proceedings. (*Kirby v. Illinois* (1972), 406 U.S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877; *Moore v. Illinois* (1977), 434 U.S. 220, 226, 54 L. Ed. 2d 424, 432, 98 S. Ct. 458, 463-64; *People v. Burbank* (1972), 53 Ill. 2d 261, 271-72, 291 N.E.2d 161, 167, *cert. denied* (1973), 412 U.S. 951, 37 L. Ed. 2d 1004, 93 S. Ct. 3017.) The only lineup involved in this case was conducted on the day of defendant's arrest before the initiation of any criminal proceedings. Since his right to counsel had not attached at the time of the lineup, that right was not violated in the instant case. This issue is therefore without merit.

## V.

Defendant also contends that he was not proved guilty beyond a reasonable doubt but has failed to include any argument on this issue in his *pro se* brief. We may not reverse a criminal conviction unless the evidence is so improbable as to raise a reasonable doubt of guilt. (*People v. Manion* (1977), 67 Ill. 2d 564, 578, 367 N.E.2d 1313, 1320, *cert..denied* (1978), 435 U.S. 937, 55 L. Ed. 2d 533, 98 S. Ct. 1513.) The evidence presented at trial clearly supported the jury's verdict. The victim had an adequate opportunity to view defendant as they drove along well-lit streets which would facilitate an identification. He selected defendant's picture shortly after the crime and positively identified defendant about a month later and again at trial. The jury found the victim's testimony to be credible and our review of the record does not show the evidence to be so improbable as to create any reasonable doubt of defendant's guilt.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.