THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARLOS ZUNIGA, a/k/a Jose J. Rivera, Defendant-Appellant.

First District (5th Division)    No. 80-1191

Opinion filed August 14, 1981.

---

James J. Doherty, Public Defender, of Chicago (Dennis E. Urban, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Adrienne Noble Nacev, and Barry A. Gross, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

After a jury trial, defendant was convicted of burglary, attempt armed robbery, and aggravated battery. Judgment was entered on the

convictions for burglary and attempt armed robbery.[1] He was sentenced to 20 years for attempt armed robbery under the extended-term statute (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2) but received no sentence for the burglary conviction. On appeal, defendant contends that elements of the burglary offense were not proved beyond a reasonable doubt and that the extended-term sentence was improper.

Father George Klein, a Catholic priest, testified that while walking in the courtyard between St. Benedict's Church and rectory in the early evening, he noticed a broken window in the church basement; that he entered the church (which had been locked) and went to the basement; that upon hearing footsteps and a crashing noise coming from the floor above, he went upstairs where he encountered defendant; that he (Klein) said, "What do you want in there? I am a priest" and, as he was going through the door, the man struck him on the left shoulder and knocked him down; that Klein got up and asked defendant what he wanted, to which he replied, "I want money"; that Klein then ran to the altar, with defendant pursuing him and brandishing a metal rod 4 to 5 feet long; that Klein, pursued by defendant, then escaped down the center aisle to the rear of the church, but realizing the doors were chained shut he ran down a side aisle, exited through a side door followed by defendant, and he began shouting for help; that defendant came out of the church still carrying the rod; and that bystanders who came to Klein's aid forced defendant to drop the rod and held him until the police arrived.

Eugene Cottini testified that he saw defendant running across the street with two men behind him; that he followed them and, when he turned a corner, he saw defendant with a metal pipe in his hand and heard Klein saying, "Drop that. Drop that. Put it down"; that defendant complied and, while he and another man were holding defendant's arms, he said he had been looking for silver and asked for leniency; that when the police car arrived, defendant struck the other man, who had just released defendant's arm, and tried to escape but was caught by the police.

Kevin Phillips testified that he was in his automobile when he heard Klein calling for help, and he saw defendant coming from the church carrying a metal bar 4 to 5 feet long; that he, Klein, and two other men pursued defendant to the street corner where he was persuaded to throw down the pipe; that defendant asked for a "break" and said he was only stealing for his children; that with one man holding each of defendant's arms, he broke loose and struck one of the men but was subdued and handcuffed by the police.

---

[1] Judgment was not entered on the conviction for aggravated battery, as the trial court found it arose from the same conduct as the offense of attempt armed robbery.

OPINION

■■ ■ Defendant initially contends that the elements of the burglary charge, as alleged in the information, were not proved beyond a reasonable doubt. Section 19—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 19—1(a)) defines the offense of burglary, in relevant part, as follows:

> "A person commits burglary when without authority he knowingly enters or without authority remains within a building * * * or any part thereof, with intent to commit therein a felony or theft."

The information charged defendant with burglary in that, without authority, he knowingly entered St. Benedict's Church with the intent to commit armed robbery therein. Implicit in defendant's position is the point that a fatal variance existed between the offense charged and the proof adduced at trial. For such variance to vitiate a trial, it must be material and of such character as may mislead the accused in preparing his defense or expose him to double jeopardy (*People v. Figgers* (1962), 23 Ill. 2d 516, 179 N.E.2d 626), and the purposes of the material allegations of a burglary charge are served if they show that the burglarized premises were not the property of the accused; that he was able to prepare for trial; and that he can plead acquittal or conviction in bar of subsequent prosecution for the same offense (*People v. Tripkovich* (1972), 6 Ill. App. 3d 37, 284 N.E.2d 323).

On the basis of the record, we conclude that defendant was not misled by the information in the preparation of his defense, nor does it appear that he would be subjected to future prosecution arising from an information predicated upon the instant occurrence. Moreover, the information adequately apprised defendant of the charge, as it set forth the requisite elements of unlawful entry and ownership of property by someone other than defendant. We believe, therefore, that the information was consonant with the proof at trial in all essential respects.

As to the sufficiency of proof, defendant argues that the State failed to prove he had formed the intent to commit armed robbery at the time he entered the church. The record indicates to the contrary in the testimony of Father Klein that the church was locked on the evening in question; that he noticed a broken window in the basement as he entered the church that night; that shortly after he entered, he was struck with a metal rod by defendant; that defendant twice demanded money from him; and that defendant never had permission to enter or remove property from the church.

Defendant also sought to negate his responsibility for the alleged offenses by reason of the alcoholic liquor he drank and drugs he took. He

testified to drinking wine on the morning of the crime and ingesting a quantity of the drug talwin and a number of tranquilizers; that during the day, he drank more than 20 beers along with some scotch and consumed additional talwin and tranquilizers; and that he did not remember either being in the St. Benedict's Church or hitting Father Klein. Contrary to defendant's testimony, Eugene Cottini, Kevin Phillips, and Officer James Bonk testified that defendant's speech and gait were not impaired and that they did not detect the odor of alcohol on his breath at the time of the arrest. Moreover, Investigator Joseph Mirus testified that when he interviewed defendant at the police station on the night of his arrest, defendant said that he had not been in the church but was on the corner selling "pot" when Klein shouted at him and several people began beating him.

■■ The offense of burglary is complete upon entering with the requisite intent. (*People v. Palmer* (1980), 83 Ill. App. 3d 732, 404 N.E.2d 853; *People v. Rhodes* (1980), 81 Ill. App. 3d 339, 401 N.E.2d 237; *People v. Jefferson* (1978), 64 Ill. App. 3d 200, 380 N.E.2d 1070.) The elements of the offense, including the intent, can be inferred from the facts and circumstances in evidence. (*People v. Fisher* (1980), 83 Ill. App. 3d 619, 404 N.E.2d 859; *People v. Davis* (1977), 54 Ill. App. 3d 517, 369 N.E.2d 1376.) We believe that the testimony presented here was sufficient to create a question for the jury, and we conclude that the evidence was not so palpably contrary to the verdict or so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt of defendant's guilt. *People v. Sumner* (1969), 43 Ill. 2d 228, 252 N.E.2d 534.

■■■ The State calls attention to the fact that no sentence was imposed for the burglary conviction, and it urges that the question as to its propriety cannot be considered on review. A judgment of guilty in a criminal case is not final without a sentence (*People v. Rose* (1969), 43 Ill. 2d 273, 253 N.E.2d 456; Ill. Rev. Stat. 1979, ch. 38, par. 1005—1—12) and thus is not appealable until there is a sentence (*People ex rel. Filkin v. Flessner* (1971), 48 Ill. 2d 54, 268 N.E.2d 376). However, on the authority of *People v. Scott* (1977), 69 Ill. 2d 85, 370 N.E.2d 540, where a case is properly on appeal from a final judgment on another offense, a reviewing court is empowered under Supreme Court Rule 366 (Ill. Rev. Stat. 1979, ch. 110A, par. 366(a)) to review the conviction of an offense for which no sentence was imposed and, upon affirming, to remand for sentencing. Accordingly, we affirm the burglary conviction and, as the present case is properly before us on appeal from the judgment on the attempt armed robbery conviction, we remand for sentencing on the conviction of burglary.

■■ Defendant also challenges the propriety of the 20-year sentence for the attempt armed robbery conviction on the grounds that the extended term sentencing statute does not designate attempt offenses as felonies.

Section 5—8—2 of the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2(a)) provides:

> "A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5—8—1 [Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1] for the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in paragraph (b) of Section 5—5—3.2 [Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2] were found to be present. Where the judge finds that such factors were present, he may sentence an offender to the following:
> * * *
> (2) for a Class X felony, a term shall be not less than 30 years and not more than 60 years;
> (3) for a Class 1 felony, a term shall be not less than 15 years and not more than 30 years."

The extended term statute has been construed as dealing exclusively with maximum sentences rather than with crime classification, and thus applies in determining the maximum sentence for attempts. (*People v. Williams* (1980), 90 Ill. App. 3d 524, 413 N.E.2d 60.) Moreover, it was held in *People v. Shumate* (1981), 94 Ill. App. 3d 478, that the crime of attempt to commit a felony may be treated as a felony for purposes of imposing an extended sentence. In both *Shumate* and the present case, it is significant that the defendants committed their respective attempt offenses in 1979 and were sentenced under the same statute.

At the time of the offense in question, armed robbery was designated as a Class X felony (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(b)), and the sentence for an attempt to commit a Class X felony was not to exceed the sentence for a Class 1 felony (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(c)(2)), which was "not less than 4 years and not more than 15 years" (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(4)). However, where the trial court finds that the extended term statute is applicable, the sentence for a Class 1 felony "shall be not less than 15 years and not more than 30 years." Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2(a)(3).

To guide the trial court in making that determination, section 5—5—3.2(b) of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)) provides in relevant part:

> "The following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 [Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2] upon any offender who was at least 17 years old on the date the crime was committed:
> (1) When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class

felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts * * *."

At the sentencing hearing, the State, referring to the presentence report showing defendant had been convicted for burglary in 1978 and for attempt murder in 1979, recommended that he receive the maximum sentence under the extended term statute. It was argued in mitigation that defendant had an extensive history of mental health, alcohol, and drug abuse problems, but he was sentenced to 20 years imprisonment under the extended term statute with the trial court noting that the prior conviction for attempt murder was of at least equal severity as the attempt armed robbery conviction. Despite the mitigating effect of defendant's psychiatric history, the trial court believed no such defense was available to him at the time of the offense or at trial and that his conduct established the danger he posed to others, making outpatient psychiatric treatment unfeasible.

We believe the trial court correctly applied the extended term statute since, for purposes of sentencing, attempt murder is a Class X felony. (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(c)(1).) Under Supreme Court Rule 615 (Ill. Rev. Stat. 1979, ch. 110A, par. 615(b)(4)), a reviewing court can reduce the sentence imposed by the trial court but, if the sentence is within statutory limits, it should not be reduced unless there is an abuse of discretion (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882). Here, the sentence of 20 years for attempt armed robbery was within the statutory limits and, from our consideration of the facts, we cannot say the trial court abused its discretion.

For the reasons stated, the convictions are affirmed and the cause is remanded for sentencing on the burglary conviction.

Affirmed and remanded in part.

LORENZ and WILSON, JJ., concur.