THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES BLACK, Defendant-Appellant.

Second District   No. 2—90—0767

Opinion filed January 17, 1992.

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, James Black, appeals after pleading guilty to armed violence (Ill. Rev. Stat. 1987, ch. 38, par. 33A—2) and second-degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—2). Concurrent sentences of 17 years' imprisonment for armed violence and 15 years' imprisonment for second-degree murder were imposed. The sole issue on appeal is whether the trial court imposed an excessive sentence. We affirm.

On the evening of February 9, 1990, Gary Hayes was fatally stabbed in an apartment in Zion, Illinois. A few hours later, defendant voluntarily turned himself in at the Zion police department and gave a recorded statement. Defendant stated that he and some other people, including the deceased, had been drinking together at the apartment in question. An argument ensued between defendant and decedent apparently concerning money given to defendant by decedent to purchase liquor. The argument became a scuffle in which defendant obtained a small knife from within the apartment and cut decedent five or six times.

After defendant discovered that he was also cut, he backed away and retreated to his aunt's home across the alley. Defendant took a 10-inch butcher knife from somewhere in his aunt's home and returned to the apartment. Defendant told the police that he took the

knife "out of anger." Defendant also stated that he went back to the apartment to get his hat and coat, which contained $250.

Decedent had a pipe in his hand when defendant returned. According to defendant, the decedent charged him, and the two men wrestled. Defendant stabbed decedent in the left side of the chest, close to decedent's heart. Decedent also had large stab wounds in his left shoulder, his left side, and in the back of the head. Defendant fled the scene and later surrendered to the police.

Defendant was indicted on two counts of first-degree murder and one count of armed violence. Defendant agreed to plead guilty to the armed violence count and one count of second-degree murder. In exchange, the State agreed to a sentencing cap of 20 years' imprisonment.

At sentencing, the State offered, among other evidence, victim impact statements from members of the decedent's family and evidence of a prior indictment for home invasion and armed robbery, of which defendant was acquitted. In mitigation, defendant presented testimony and letters from teachers, coaches and police officers from defendant's hometown in Arkansas attesting to his good character. Defendant and his family members also testified on his behalf. Defendant testified on cross-examination that he went back to the apartment out of anger and to protect himself.

The State recommended a 20-year prison term, the maximum sentence under the agreement made with defendant. The defense recommended the minimum term of six years' imprisonment for armed violence. The trial judge sentenced defendant to 17 years' imprisonment for armed violence and to a concurrent 15-year sentence for second-degree murder. The court noted that the decedent had been stabbed repeatedly with the large knife. The court also found insufficient provocation by decedent to constitute a statutory mitigating factor. The court was unable to conclude that defendant was unlikely to commit future crimes and emphasized the need to deter similar conduct by others. The judge stated that he would have imposed a longer sentence "[b]ut for the substantial evidence in mitigation."

Defendant filed a motion to reconsider the sentence on July 13, 1990, which was denied the same day. A timely notice of appeal was filed.

Defendant contends that the sentence imposed is excessive because his strong potential for rehabilitation was not given proper consideration. Defendant also claims there was sufficient evidence that he was unlikely to commit future crimes and that his conduct arose from circumstances unlikely to recur. Defendant further contends that the

trial judge improperly considered as aggravating factors that the sentence was necessary to deter others and that defendant's conduct caused serious harm. The State counters that the trial judge properly weighed the mitigating factors and considered the appropriate aggravating factors.

The imposition of a sentence is a matter within the trial court's discretion, and its decision will not be reversed absent an abuse of discretion. (*People v. Wilson* (1991), 143 Ill. 2d 236, 250.) The trial court's decision regarding sentencing is given great deference and weight. (*People v. James* (1987), 118 Ill. 2d 214, 228.) The trial court has abused its discretion in imposing a sentence when the judgment is manifestly unjust or palpably erroneous. (*People v. Anderson* (1986), 112 Ill. 2d 39, 46.) The trial court may exercise wide discretion in the source and type of evidence it will use to determine the appropriate sentence. *People v. La Pointe* (1981), 88 Ill. 2d 482, 496.

Defendant argues that a sentence must be designed not only to punish the offender but also to help restore him to useful citizenship. (Ill. Const. 1970, art. I, §11; Ill. Rev. Stat. 1989, ch. 38, par. 1001—1—2.) Defendant was 22 years old at the time of the offense and had a commendable educational and employment history. He had no drug or alcohol abuse problems. He showed remorse for his acts and had the support of his family and his native community in Arkansas.

■ Although there is evidence of rehabilitative potential, it does not detract from the brutality of the crime. A court is not required to give the defendant's rehabilitative potential more weight than the seriousness of the offense. (*People v. Smith* (1991), 214 Ill. App. 3d 327, 341.) Defendant had retreated to the safe haven of his aunt's home when he decided to return to the apartment "out of anger," carrying a butcher knife. Defendant voluntarily returned to the scene and brutally stabbed the decedent a number of times. These actions far outweigh the rehabilitative potential that may exist.

Further, defendant points to nothing in the record other than the length of the sentence to rebut the presumption that the trial judge considered evidence of his rehabilitative potential. The court has presumably assessed defendant's rehabilitative potential when defendant's only evidence to rebut this presumption is the length of the sentence. (See *Smith*, 214 Ill. App. 3d at 342.) In fact, the judge stated that he would have given a longer sentence "[b]ut for the substantial evidence in mitigation." We believe the trial court weighed all evidence appropriately in determining defendant's potential for rehabilitation.

Defendant also argues that there was sufficient evidence for the trial judge to conclude that defendant's character showed he was unlikely to commit future crimes and that the circumstances were unlikely to recur. These are both statutory mitigating factors under section 5—5—3.1 of the Unified Code of Corrections. Ill. Rev. Stat. 1987, ch. 38, pars. 1005—5—3.1(a)(8), (a)(9).

■■ The trial judge stated that "the Court really can't come to a definitive statement in terms of whether that may or may not happen in the future *** nor can it suggest what the future may hold for [defendant]." Based on the nature of the crime, the trial judge did not err in failing to make these determinations. Defendant killed a man in a fight over a small amount of money. One shudders to think of defendant's reaction in a disagreement over more serious matters.

Finally, defendant argues that the trial judge's reliance on two statutory aggravating factors did not justify the sentence. The two aggravating factors were: (1) that defendant's conduct caused serious harm; and (2) the sentence was necessary to deter others from committing the same crime. Ill. Rev. Stat. 1987, ch. 38, pars. 1005—5—3.2(a)(1), (a)(7).

■■ Defendant cites *People v. Saldivar* (1986), 113 Ill. 2d 256, for the proposition that the court may not consider that his act resulted in death because death is inherent in the offense itself. But, *Saldivar* also states that it is proper for the trial court to consider the force employed and the manner in which the death occurred in applying the serious bodily harm factor. (113 Ill. 2d at 271.) This court has applied the *Saldivar* analysis when reviewing a sentence for first-degree murder where the trial judge employed the serious bodily harm factor. (See *People v. Nally* (1991), 216 Ill. App. 3d 742, 773-74.) As such, the serious bodily harm factor may be considered in a sentence for second-degree murder.

In sentencing defendant, the trial judge stated:

"The nature of the act and method of the act was [*sic*] senseless, cruel, the autopsy report clearly indicates the degree of wounds inflicted by a larger knife, although the defendant says he stabbed the victim only once *** it's clear that what has occurred was repeated stabbings on the night in question. Because of—certainly those acts caused the most serious harm possible, being the death of the victim."

Defendant suggests that the court considered only that death resulted from the offense. We find that the trial judge's statements focused on the force used and the manner in which decedent died, not simply

that death occurred. Thus, the trial judge did not err in applying this aggravating factor.

■■ The need to deter others was also a proper factor to consider in aggravation. Defendant cites *People v. Alejos* (1983), 97 Ill. 2d 502, as authority that second-degree murder is a crime of passion that cannot be deterred. The court in *Alejos* held that voluntary manslaughter, an unpremeditated offense, could not be a predicate to armed violence. (97 Ill. 2d at 513.) The armed violence statute is meant to deter those who commit crime from carrying a dangerous weapon. This deterrence statute is inapplicable in an offense where premeditation is lacking. *Alejos*, 97 Ill. 2d at 507-13.

The State argues that *Alejos* has no implications to sentencing, but only deals with enhancing a forcible felony to armed violence. The State cites the Appellate Court, Fifth District, case of *People v. Smith* (1990), 195 Ill. App. 3d 878, 883-84, and the Appellate Court, First District, case of *People v. Hall* (1987), 159 Ill. App. 3d 1021, 1034-35. Both cases allowed deterrence to be used as an aggravating factor in sentencing for voluntary manslaughter, an unpremeditated offense.

We agree with the fifth and first districts that the aggravating factor of deterrence may be used in sentencing for "nondeterrable" crimes such as voluntary manslaughter and second-degree murder. Even supposed "heat of passion" crimes need to be discouraged. Notwithstanding this holding, we were not convinced that defendant's crime lacked premeditation. Defendant removed himself from the affray only to return and kill the decedent. The State's acceptance of a guilty plea to second-degree murder does not automatically mean that premeditation was lacking.

For the foregoing reasons, we hold that the trial judge did not abuse his discretion in sentencing defendant. The judgment of the circuit court of Lake County is affirmed.

Affirmed.

WOODWARD and BOWMAN, JJ., concur.