THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM BEHL, Defendant-Appellant.

Fourth District   No. 4—95—0139

Opinion filed May 31, 1996.

Daniel D. Yuhas and Khalil Cox, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick W. Kelley, State's Attorney, of Springfield (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant William Behl appeals his sentence of 18 years' imprisonment for second degree murder, a violation of section 9—2 of the Criminal Code of 1961 (Code) (720 ILCS 5/9—2 (West 1992)). We affirm.

After a jury trial in the circuit court of Sangamon County, defendant was convicted of aggravated battery, a violation of section 12—4 of the Code (720 ILCS 5/12—4 (West 1992)), and second degree murder for the death of Thomas Dorr.

On August 31, 1994, defendant, after having drunk several beers at a bar, went to the residence of Les Feagan in search of Dorr. Defendant and Dorr had stolen a motorcycle together, but Dorr sold it and kept the proceeds for himself. Defendant arrived at the residence and found Dorr. The two argued, exchanged angry words and defendant then asked Dorr if he had been with defendant's girlfriend that night. Dorr responded yes, and defendant punched him in the face. Dorr fell down, and defendant kicked him in the head numerous times over a several-minute period. Witnesses tried to stop defendant but he pushed them aside. Dorr's girlfriend threw herself on top of Dorr but defendant continued kicking him in the head. Police arrived and Dorr was taken to a hospital, but soon died from the head injuries inflicted by defendant.

The presentence report indicated defendant had a prior criminal record of theft, two counts of unlawful possession of a stolen vehicle, four counts of burglary, and a pending charge of felony theft. Defendant has been evaluated as addicted to alcohol and crack cocaine. He had obtained a GED but had a "minimal work history." The victim's parents and siblings are battling severe depression over his death and have incurred large debts from the funeral as well as from the medical treatment which was given to him at the hospital in an at-

tempt to keep him alive. Defendant admitted his actions but stated it was not his intent to kill Dorr. Defendant also expressed remorse.

The trial court sentenced defendant to 18 years' imprisonment on the second degree murder count, to be served concurrently with 4 years' imprisonment on the aggravated battery count. From the bench, the trial court told defendant:

> "[W]e have to send a message to the community that this kind of conduct will not be tolerated. You were drunk, allegedly on drugs, and a man, whether he was a model citizen or not, ended up dead over a stolen motorcycle, and we've got to send a message not only to you but to this community[:] we're not going to take this kind of conduct anymore period, and that is why I've handed down the sentence that I've just handed down."

Defendant now appeals.

■ The trial court should impose a criminal sentence based on the evidence at trial, the presentence report, the financial impact of incarceration, evidence in aggravation and mitigation, arguments as to sentencing alternatives, any statement by the defendant, and any victim-impact statement. 730 ILCS 5/5—4—1(a) (West 1992). A trial court's judgment as to the appropriate sentence is entitled to deference, and a sentence may not be altered absent a showing the punishment imposed constituted an abuse of discretion. *People v. Illgen*, 145 Ill. 2d 353, 379, 583 N.E.2d 515, 526 (1991); *People v. Jones*, 265 Ill. App. 3d 627, 639, 637 N.E.2d 601, 610 (1994).

■ Defendant asserts the trial court abused its discretion because it based its sentence on an improper aggravating factor. Defendant contends because second degree murder is necessarily a crime caused by either a sudden and intense passion or an unreasonable belief the use of deadly force was necessary or justified, it is by definition a crime that cannot be deterred. Defendant asserts the trial court improperly relied on deterrence as a sentencing factor. Under the Code, second degree murder is defined as follows:

> "A person commits the offense of second degree murder when he commits the offense of first degree murder *** and either of the following mitigating factors are present:
>
> (1) At the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by the individual killed ***; or
>
> (2) At the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing ***, but his belief is unreasonable." 720 ILCS 5/9—2 (West 1992).

Section 5—5—3.2 of the Unified Code of Corrections (730 ILCS 5/5—5—3.2 (West 1992)) lists aggravating factors which may be considered by a court as reason to impose a more severe sentence than would

otherwise be given. One of these factors is "the sentence is necessary to deter others from committing the same crime." 730 ILCS 5/5—5—3.2(a)(7) (West 1992).

Defendant concedes the first, second, and fifth districts each have declared, without much discussion, a trial court may consider the deterrent effect of a sentence in sentencing a defendant for second degree murder. *People v. Williams*, 265 Ill. App. 3d 283, 291, 638 N.E.2d 345, 351 (1994); *People v. Black*, 223 Ill. App. 3d 630, 635, 585 N.E.2d 1228, 1232-33 (1992); *People v. Smith*, 195 Ill. App. 3d 878, 884, 552 N.E.2d 1061, 1065 (1990). The holdings of these cases appear to have their genesis in *People v. Sawyer*, 139 Ill. App. 3d 383, 487 N.E.2d 662 (1985). In *Sawyer*, the defendant was convicted of second degree murder after stabbing the victim while engaged in a fight. The defendant asserted he believed the use of deadly force was necessary for his self-defense at the time. In sentencing the defendant to four years' imprisonment, the trial court partially relied on the need for deterrence of similar conduct in others. The defendant appealed, arguing an unreasonable belief cannot be deterred. The third district affirmed his sentence and rejected his argument:

> "The defendant chose to respond to a non-violent situation with deadly force. It was the defendant's act of making a knife available which caused the confrontation to become life-threatening. Such a response to a non-violent situation may be deterred."
> *Sawyer*, 139 Ill. App. 3d at 386-87, 487 N.E.2d at 664.

This leaves only this court which has not yet ruled on the issue.

Defendant urges us to adopt a rule contrary to the holdings in other districts and asserts we are compelled to do so by a recent decision of our supreme court in *People v. Lopez*, 166 Ill. 2d 441, 655 N.E.2d 864 (1995). In *Lopez*, the defendant was convicted of attempt (first degree murder). He appealed his conviction, arguing he had acted under a sudden and intense passion, yet the trial court had refused his tendered jury instruction on attempt (second degree murder). The appellate court upheld his conviction, concluding there was no crime of attempt (second degree murder) in Illinois. Our supreme court affirmed. The court noted for a defendant to commit an attempt offense, he must *intend* to commit a specific offense. To commit second degree murder, a defendant must have acted under either a sudden and intense passion due to serious provocation or an unreasonable belief in the need to use deadly force. The court concluded a person cannot *intend* either of these things, and so under the Illinois attempt statute, no crime of attempt (second degree murder) exists.

■ Defendant is correct our supreme court has declared the mitigating factors which reduce first degree murder to second degree

murder cannot be intended and therefore cannot be deterred. See *People v. Allen*, 153 Ill. 2d 145, 151, 606 N.E.2d 1149, 1152 (1992). However, a conviction for second degree murder necessarily means the defendant *also* acted with the mental state necessary for a conviction for first degree murder (720 ILCS 5/9—2 (West 1992)). Our supreme court recently emphasized the mental states for first and second degree murder are *identical*: each offense requires either intent or knowledge. *People v. Jeffries*, 164 Ill. 2d 104, 122, 646 N.E.2d 587, 595 (1995). The presence of mitigating circumstances merely reduces the conviction to one for second degree murder:

> "When a jury returns a verdict of guilty of voluntary manslaughter or second degree murder, the jury has found that the defendant intended to kill the victim. The use of the term unpremeditated means that the intent to kill was mitigated by the existence of either a sudden and intense passion or imperfect self-defense. It is the presence of either of these statutory mitigating factors that reduces an unlawful homicide from murder to voluntary manslaughter or second degree murder; it is not the absence of an intent to kill." *Allen*, 153 Ill. 2d at 151, 606 N.E.2d at 1152.

Thus, in order to be convicted of second degree murder, a defendant who has one of the appropriate mitigating factors present must *also* have acted with either the intent or knowledge his conduct would likely kill the victim. A belief or a passion might be undeterrable, but the *voluntary choice* to then act upon that belief or passion and use deadly force *is* deterrable. In other words, although the mitigating factors in second degree murder are undeterrable, the offense itself is. A trial court may properly consider the need for such deterrence in sentencing a defendant who has been convicted of second degree murder.

Defendants who commit second degree murder often do so after a series of unwise judgments which have placed them in a position to commit second degree murder. Some examples are excessive alcohol consumption or the consumption of other drugs, traveling to or remaining in a location where a confrontation is known to be likely to occur, obtaining a deadly weapon, or engaging in provocative acts themselves. This conduct can be deterred. See, *e.g., Smith*, 195 Ill. App. 3d at 884, 552 N.E.2d at 1065.

We join the holdings of our sister districts in declaring a trial court may properly consider the goal of deterrence in sentencing a defendant convicted of second degree murder. Both the choice to engage in violence and the behavior that leads to the situation where such a choice seems necessary may be deterred.

The trial court did not abuse its discretion in sentencing defen-

dant by considering the need for deterrence of second degree murder. Defendant does not otherwise challenge his sentence, and his sentence is affirmed.

Affirmed.

STEIGMANN and GARMAN, JJ., concur.