THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE CLIFFORD, Defendant-Appellant.

Third District    No. 79-284

Opinion filed September 10, 1980.

Robert Agostinelli, Peter Carusona, and Frank W. Ralph, all of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:
After a jury trial the defendant, Clarence Clifford, was found guilty of

the offenses of attempt (burglary), possession of burglary tools and criminal damage to property. The circuit court of Tazewell County sentenced the defendant to an extended term of six years on the conviction of attempt (burglary).

On this appeal the issues are:

1. Whether the trial court erred in sentencing the defendant to an extended term of imprisonment for the offense of attempt burglary since the Unified Code of Corrections did not make its extended term provision applicable to the offense of attempt.

2. Whether, even if an extended term sentence is possible under the Unified Code of Corrections for the offense of attempt burglary, the court was barred from imposing such a sentence here since defendant's prior conviction was not alleged in the indictment.

3. Whether, even if an extended term sentence was authorized under the Unified Code of Corrections for the offense of attempt burglary, the trial court nevertheless erred in imposing such an extended term in the case at bar since the aggravating factors necessary under the Code were not present here.

A. Since the trial court did not find that "The offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty," the required showing of both aggravating factors listed in section 5—5—3.2 was not made here.

B. In any event, there was no showing that the defendant had previously been convicted of the same or greater class felony.

4. Whether, even if an extended term sentence was appropriate here, the trial court erred in fixing such sentence on the basis of its mistaken belief that the mandatory minimum extended term for attempt burglary was five years—the same as for a class three felony.

No detailed account of the facts is required. It is sufficient to say this conviction was based on an unsuccessful effort to break into a tavern in Pekin, Illinois, and the defendant was apprehended near the scene in the possession of burglary tools. No questions are raised concerning errors in the admission of evidence or with respect to the sufficiency of the evidence to support the conviction.

The issues as indicated above arise solely from the circumstances surrounding the sentencing of the defendant to an extended term of imprisonment for the attempt (burglary). It is undisputed defendant was convicted of a felony of burglary in 1971.

The issues noted above relating to the application of the extended term

to offenses of attempt have been recently discussed in *People v. Sally* (1980), 84 Ill. App. 3d 161, 405 N.E.2d 439. In that opinion the court considered and rejected the contentions now made in this case. Furthermore, *People v. Racinowski* (1979), 78 Ill. App. 3d 954, 397 N.E.2d 932, has also rejected the defendant's contention that multiple factors must exist before the extended term can be imposed.

This leaves us with the last issue raised by the defendant namely that by imposing the extended term the trial court was in error in holding the offense of attempt (burglary) was a Class 3 felony and under the extended term provision a mandatory minimum sentence of five years was required. This issue was raised in a different context in *People v. Sally* (1980), 84 Ill. App. 3d 161, 405 N.E.2d 439, and in that opinion the defendant's argument was rejected because the record failed to clearly support the defendant's contention.

In imposing an extended term sentence of six years on the defendant for attempt burglary, the trial court characterized the offense as a Class 3 felony. The court also stated that a Class 3 felony carried an extended term sentencing range of 5 to 10 years. As the court held in *People v. Moore* (1978), 69 Ill. 2d 520, 372 N.E.2d 666, the attempt statute places a limitation only on the maximum sentence to be imposed for an attempt. No such limitation applies to the minimum sentence. The People concede there is no minimum sentence applicable and consequently the trial court's observation of the range of the length of sentence was in error. Nevertheless the People argue the sentence imposed was not erroneous because it was imposed with regard to the maximum possible sentence and not the erroneous minimum sentence mentioned. (See *People v. Schomer* (1978), 64 Ill. App. 3d 440, 381 N.E.2d 62.) However, in view of the length of the sentence, six years, and the potential range of the sentence which could be imposed, we are unable to agree with the People that the sentence was imposed without consideration or regard to the court's belief that the five-year minimum provision was applicable. From the record we agree with defendant that the comments and observations of the trial court do not clearly demonstrate the trial court would have imposed a six-year sentence if as we have held, there is no five-year minimum requirement.

For the foregoing reasons the judgment of conviction of the defendant of the offense of attempt (burglary) of the circuit court of Tazewell County is affirmed, but the sentence imposed is vacated and this cause is remanded to that court for reconsideration of the sentence.

Affirmed in part, remanded in part.

ALLOY, P. J., and STENGEL, J., concur.