THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GERALD L. WARREN, Defendant-Appellant.

Third District   No. 3—88—0405

Opinion filed May 24, 1989.—Rehearing denied June 16, 1989.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Spencer, State's Attorney, of Morrison (Barbara A. Chasnoff, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant Gerald Warren was charged in two counts with the November 22, 1987, residential burglary of the Rock Falls home of Wennona Bell. The charging instrument alleged that defendant entered Bell's home with the intent to commit a theft (count I) and the intent to commit criminal sexual assault (count II). Prior to trial, defendant moved to dismiss count II. The court ultimately granted that motion after hearing the testimony of the State's occurrence witnesses at trial. A jury found defendant guilty of count I, and defendant was sentenced to serve an extended term of 30 years in the Department of Corrections. The court ordered this sentence to run consecutive to a 25-year term imposed for another residential burglary for which defendant had been released on bail bond at the time he committed the instant offense.

In this appeal, defendant contends that the trial court erred in admitting evidence of his prior residential burglary and that he is entitled to a new sentencing hearing because the court erroneously believed that defendant was eligible for an extended term, and because 30 years is excessive. We allowed defendant to file a *pro se* brief to supplement that of his appellate counsel. In it, defendant challenges his sentence on the further ground that his sentence should not have been made consecutive to that imposed for the prior residential burglary. Having considered all of these issues, we affirm defendant's

conviction and his sentence for reasons that follow.

Prior to trial, defense counsel filed a motion *in limine* to bar evidence of defendant's earlier residential burglary. The court reserved judgment on the motion until the State's occurrence witnesses had completed their testimony and cautioned the prosecutor not to mention the prior offense in opening statement. The State's evidence as it unfolded at trial established that Wennona Bell and defendant's sister, Cheryl Heidi, had been friends for many years. Through Cheryl, Bell had met defendant and his brother, Greg Warren. On the evening of November 21, 1987, Bell and her boyfriend, David Burgess, went out on a date. Bell's two teenage nieces, Kelly and Trina Williams, stayed at her home that night to baby-sit Bell's three-year-old daughter, Carrie. Bell and Burgess stopped for a drink at the R & R tavern in Rock Falls between 9:30 and 10 p.m. Burgess left Bell at the bar for a few minutes while he went to the restroom. During this period, defendant, who was also at the bar, told the barmaid that he wanted to buy Bell a drink. Bell refused the offer. Defendant left the tavern. Burgess then returned from the restroom and left the tavern with Bell.

The two returned to Bell's home between 10:30 and 10:45 p.m. Bell and Burgess retired to Bell's upstairs bedroom, and Kelly and Trina slept downstairs on a couch and chair. Carrie, whose bedroom was down the hall from Bell's, left her bed to sleep on the floor by her mother's bed. Around 1:30 a.m., Trina was awakened by the sound of the kitchen window being opened. She went upstairs and lay down to sleep on Carrie's bed. Then Trina heard more noises coming from the kitchen. She got up and went into Bell's room, awoke Bell and told her someone was in the apartment. Bell told her to lie down by Carrie. Then a man appeared in the doorway. Bell observed that the man carried no weapon and wore gloves. He stood still for a few seconds and then walked down the hallway toward Carrie's room. A few seconds later, he reappeared at the doorway to Bell's room and opened the door. The light from the bathroom illuminated his face. Bell awoke Burgess and yelled out, "It's Cheryl's brother!"

The man bolted when Burgess lurched out of the bed to give chase. The man awoke Kelly when he fell down the stairs. He got up and fled through the back door. After assuring himself that Kelly was all right, Burgess walked out the front door. Then he saw a car resembling defendant's pull out of a parking space in front of the apartment building with its lights out.

A check of the apartment revealed that the intruder had cut the

kitchen window screen to gain entry, but that nothing had been taken. Bell was the only witness who had observed the intruder's face sufficiently to make a positive identification. Burgess, who was acquainted with Greg Warren, but not with defendant, testified that he was certain that the slender build of the man he had chased was not that of Greg, who was heavier set.

The court heard the parties' arguments on defendant's motion *in limine* at the completion of the foregoing testimony. Defense counsel argued that the prior crime evidence was irrelevant and prejudicial. The prosecutor contended that the two offenses were strikingly similar, and they were committed only three months apart and in similar neighborhoods of Rock Falls. Because defendant was relying on an alibi defense, the prosecutor sought admission of the facts of the earlier crime for purposes of identifying defendant as the perpetrator— *i.e., modus operandi*—and intent to commit theft. The court determined that evidence of the prior offense could be admitted on the question of intent, but not for *modus operandi*.

At that point, the State introduced three witnesses—an investigating officer and two occurrence witnesses—who testified about an August 1987 residential burglary of the Earl Sliger residence in Rock Falls. A video cassette recorder taken from that residence was found in defendant's car, which was parked in front of the home when officer Humberto Perez arrived on the scene. Defendant was subsequently arrested and convicted of the offense.

Defendant's employer, Seymour Lesorgen, and two co-workers at Upholstery Unlimited in De Kalb testified on defendant's behalf. Each testified that they had seen defendant working on a couch or asleep on a table in the shop at various times between 6 p.m. on November 21 and 10 a.m. the following morning.

■■ As a general rule, evidence of other crimes is inadmissible if offered only to establish defendant's propensity to commit crime. Exceptions to the rule are permitted where evidence goes to establish, *e.g.,* intent or *modus operandi,* and the probative value of the evidence clearly outweighs its prejudicial impact. (*People v. McKibbins* (1983), 96 Ill. 2d 176, 449 N.E.2d 821.) In this case, the trial court ruled that the State could admit evidence of the earlier residential burglary only to the extent needed to establish the element of intent. The court's ruling prohibited introduction of the prior crime for purposes of *modus operandi.*

Defendant complains that the State seized upon the opportunity presented by the trial court's partial denial of defendant's motion *in limine* to virtually retry the earlier residential burglary. Having re-

viewed the evidence in the context of the entire trial, we agree that the State exceeded the boundaries set by the court's ruling. Rather than limiting the testimony to the fact that defendant had committed another residential burglary and had taken the victim's property, the prosecutor elicited details concerning defendant's encounter with the victim at a tavern during the evening of the burglary, his entry through a cut screen, defendant's approach to the victim's 12-year-old daughter in her bedroom, and his appearance at the bedroom door of the victim and his wife.

■ While admission of these details was objectionable based on the court's ruling, defendant failed to object specifically to the scope of the testimony at trial or in his post-trial motion. Defendant stood, instead, on his general objection as set forth in his motion *in limine* to exclude. Thus, the trial court was not presented with an opportunity to rule upon the question of whether the evidence exceeded the scope of the court's earlier ruling on defendant's *in limine* motion, and that issue is waived for purposes of appeal.

■ Even were we to consider the issue on its merits, we nonetheless would not find that the excessive evidence of another crime as admitted in this case was so prejudicial as to require a reversal of defendant's conviction. Except for the element of intent, the State's evidence of defendant's guilt of the instant residential burglary as presented through the occurrence witnesses was overwhelming. Defendant on appeal does not deny that the trial court correctly ruled that evidence of the prior burglary was admissible to the extent necessary to establish circumstantial evidence of intent. The jury was properly instructed on the use of both circumstantial evidence and evidence of another crime to show intent in this case. The evidence properly presented at trial amply supports the jury's verdict. Accordingly, we conclude that the admission of excessive evidence of another crime in this case was harmless beyond a reasonable doubt.

Defendant next argues that he is entitled to a new sentencing hearing because the court erroneously considered his 1976 attempted murder conviction a Class 1 or greater class of felony for purposes of the extended-term statute (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3(b)(1)). Attempted murder was an unclassified offense at the time of defendant's conviction, for which the sentence could not exceed the sentence for a Class 1 felony. (Ill. Rev. Stat. 1975, ch. 38, par. 8—4(c)(1).) Defendant relies on the authority of *People v. Moore* (1978), 69 Ill. 2d 520, 372 N.E.2d 666, and the principle of strict construction of penal statutes in urging that his 30-year extended sentence is statutorily unauthorized.

In *Moore*, defendant was convicted of attempted murder and sentenced to a term of imprisonment of 4 to 10 years. The sentencing court ruled that four years was, by statute, the mandatory minimum. On review, the issue was whether the minimum prison sentence for attempted murder was determined by section 5—8—1(b)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(b)(2)), which set the term for a Class 1 felony as "any term in excess of 4 years." The court, construing section 8—4(c)(1) of the Criminal Code of 1961, observed that that section addressed only the maximum sentence allowable, and, since no provision of either the Criminal Code of 1961 or the Unified Code of Corrections delimited the minimum sentence for attempted murder, the court remanded the cause for resentencing.

Clearly, the issue in *Moore* is not identical to the one here presented. Although the precise question has not been addressed in any reported decision of this district, we note that it has been determined in sister districts of the Illinois Appellate Court. See, *e.g.*, *People v. White* (2d Dist. 1985), 134 Ill. App. 3d 262, 479 N.E.2d 1121; *People v. Zuniga* (1st Dist. 1981), 99 Ill. App. 3d 396, 425 N.E.2d 1094 (both of which cases note that, for purposes of sentencing, attempted murder is a Class X felony).

In *Zuniga*, defendant appealed his sentence for attempted armed robbery. The predicate conviction for purposes of the extended-term statute was an attempted murder conviction entered in 1979. At that time, section 8—4(c)(1) provided that the sentence for attempted murder was *not to exceed* the sentence for a Class X felony. (See Ill. Rev. Stat. 1979, ch. 38, par. 8—4(c)(1) (as amended by Pub. Act 80—1099, eff. Feb. 1, 1978).) On the basis of the earlier attempted murder conviction, the court affirmed an extended sentence of 20 years on defendant's attempted armed robbery conviction, for which section 8—4(c)(2) provided that the sentence was not to exceed that of a Class 1 felony.

A similar result was reached in *People v. Shumate* (1981), 94 Ill. App. 3d 478, 419 N.E.2d 36. There, defendant unsuccessfully challenged application of the extended-term statute in sentencing for attempted robbery (for which section 8—4(c)(4) of the Criminal Code of 1961 specified that the sentence could not exceed the sentence for a Class 3 felony) predicated on an aggravated battery conviction (a Class 3 felony in 1976 when the conviction was entered). Because attempt is an unclassified offense, defendant posited, attempted robbery could not be considered a "felony" for purposes of the extended-term statute. The court rejected defendant's application of

*Moore* and ruled that "[s]ince an attempt may be punished as a felony, we find no statutory impediment to considering attempts as felonies for purposes of the extended-term statute." 94 Ill. App. 3d at 491, 419 N.E.2d at 47, citing with approval *People v. Sally* (1980), 84 Ill. App. 3d 167, 405 N.E.2d 407; *People v. Clifford* (1980), 88 Ill. App. 3d 305, 410 N.E.2d 537.

■ Based on the authority of these well-reasoned opinions, we hold that for purposes of applying the extended-term provision of the Uniform Code of Corrections to a subsequent conviction, it is the legislative pronouncement of the maximum sentencing scheme as provided in section 8—4(c) of the Criminal Code of 1961 that controls. (We note that legislation effective January 1, 1980, ultimately resolved the *Moore* problem by changing the language from *"shall not exceed* the sentence for" to *"is* the sentence for." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(c) (as amended by Pub. Act 81—923, eff. Jan. 1, 1980).) Accordingly, we find that the sentencing court in this case did not err in extending the sentence for defendant's residential burglary conviction (a Class 1 felony) on the basis of his 1976 attempted murder conviction, the maximum sentence for which was that of a Class 1 felony.

■ We have reviewed defendant's contention that his 30-year sentence for this offense, which is to run consecutively to the sentence imposed on the prior residential burglary sentence, is excessive. We find this argument meritless. Defendant's criminal history is extensive. The sentence is within permissible guidelines (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2(a)(3)), and the record discloses no abuse of the sentencing court's discretion.

■ Likewise, we have reviewed and found meritless defendant's *pro se* issue challenging the sentencing court's determination that the sentence for this offense must run consecutively to that imposed for the prior residential burglary sentence. Defendant apparently takes the position that "pre-trial release," as it appears in section 5—8—4(h) of the Uniform Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(h)), includes release for purposes of, *e.g.*, a psychiatric evaluation, but not release on bail bond. Suffice it to say, defendant's construction is strained and antithetical to the legislative intent of the statute, which is to protect the public from repeat offenders.

Finally, we note that defendant's cause in appellate case number 3—88—0080 (the Sliger residential burglary conviction) was remanded to the circuit court for a new sentencing hearing. Defendant has urged in this appeal that a remand in that case will necessitate a remand in this one as well. However, inasmuch as we have concluded

based upon our independent analysis of the issues presented in this case that the circuit court did not err, we decline to grant a remand. The judgment of the circuit court is affirmed.

Affirmed.

WOMBACHER, P.J., and SCOTT, J., concur.