THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDROW PERKINS, Defendant-Appellant.

Fifth District   No. 5—93—0335

Opinion filed September 19, 1995.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William Haine, State's Attorney, of Edwardsville (Norbert J. Goetten, Stephen E. Norris, and Mary H. Doyle, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

Edrow Perkins was charged with two counts of attempted first-degree murder, two counts of armed violence, and two counts of aggravated battery. He was convicted by a jury of all six offenses, but the court vacated all of the convictions except the two counts of attempted first-degree murder and sentenced Perkins to consecutive prison terms of 25 years and 20 years for those offenses. Defendant argues that the court erred because (1) it did not make the requisite findings to impose discretionary consecutive sentences, and (2) consecutive sentences were not mandatory. Defendant also argues that the jury instructions on attempted first-degree murder undermined the validity of the verdict. We affirm.

■ We first address defendant's argument that the trial court did not make the findings necessary for discretionary consecutive sentences. In order to preserve alleged errors, they must be objected to at trial and raised in a post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) Defendant did not object at sentencing, nor did he raise this issue in a post-trial motion. We will, therefore, move to the second issue on appeal: whether consecutive sentences were mandatory.

■ Consecutive sentences are mandatory where the defendant commits a Class X or Class 1 felony, inflicting severe bodily injury during a single course of conduct in which there was no substantial change in the nature of the defendant's criminal objective. (730 ILCS 5/5—8—4(a) (West 1994); *People v. Bole* (1993), 155 Ill. 2d 188, 197, 613 N.E.2d 740, 744.) Perkins attempted to kill his victims by stabbing them with a knife. He concedes that the attacks on Plunkett and Ashley involved serious bodily injury. The trial court determined that the attempted murders were the result of defendant's sole criminal objective—that of killing Plunkett and Ashley. Since the trial court found that the attempted murders occurred during a single course of conduct in which there was no substantial change in defendant's criminal objective, and since we can find no error in the trial court's determination (see *People v. Strickland* (1992), 154 Ill. 2d 489, 541, 609 N.E.2d 1366), the only question for our examination is whether the trial court correctly determined that attempted murder is a Class X felony for consecutive sentencing purposes.

Perkins argues that consecutive sentences were not mandatory because although a defendant convicted of attempted murder is sentenced as if convicted of a Class X felony, attempted murder is actually an unclassified felony which must be treated as a Class 4 felony for purposes other than sentencing. Therefore, defendant argues, attempted murder cannot be considered a Class X felony for consecutive sentencing purposes. At the time of defendant's offense, section 8—4(c) of the Criminal Code of 1961 read:

"A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but ***

(1) the sentence for attempt to commit first degree murder is the sentence for a Class X felony." (720 ILCS 5/8—4(c) (1992).)

With the exception of the crimes of attempted murder of a peace officer, fireman, correctional center employee, inmate or visitor, or a medical technician, which *are* denominated Class X felonies (720 ILCS 5/8—4(c)(1) (West 1994)), the felony of attempted murder is unclassified. Section 5—5—2(a) of the Unified Code of Corrections reads as follows:

"The particular classification of each felony is specified in the law defining the felony. Any unclassified offense which is declared by law to be a felony or which provides a sentence to a term of imprisonment for one year or more shall be a Class 4 felony." (730 ILCS 5/5—5—2(a) (West 1994).)

This, defendant argues, supports his thesis that attempted murder is an unclassified offense and is a Class 4 felony. We disagree. A State has wide latitude in fixing the punishment for crimes to satisfy its penological interests and policies. (*Williams v. Illinois* (1970), 399 U.S. 235, 242, 26 L. Ed. 2d 586, 593, 90 S. Ct. 2018, 2022.) It is evident from the legislative scheme, which requires a sentence for a Class X felony to be imposed on those convicted of attempted murder, that as in the other inchoate offenses, the penalty for attempt is tied to the principal offense with appropriately specified maximums. (See 720 ILCS Ann. 5/8—4, Committee Comments—1961, at 438 (Smith-Hurd 1993).) It is apparent that the legislature wanted to make certain that those convicted of solicitation of murder, solicitation of murder for hire, and attempted murder of specified individuals would be sentenced as Class X offenders and would carry the label of Class X offenders.

The legislature's intent behind the sentencing statutes can be gleaned from the legislative debates. The debates on the Determinate Sentencing Bill of 1977, which, among other things, amended the

statutes we are concerned with—section 5—8—4 of the Unified Code of Corrections and section 8—4 of the Criminal Code of 1961—are enlightening.

> "Mr. Speaker, Members of the House, House Bill 1500 is the work product of approximately two years of study by a Committee and Subcommittee of this House. The Subcommittee on Adult Corrections. It is the Determinate Sentencing Bill. *** On the one hand it says we are going to come down harder on violent crime and at the same time it says we are going to be fairer and more certain in our criminal system." (80th Ill. Gen. Assem., House Proceedings, May 19, 1977, at 105 (statements of Representative Getty).)
>
> "The third premise[ ] is that increased sentences, particularly, for violent crimes[,] are a good thing and should be incorporated therein. I should point out that while there are increased mandatory minimums for the violent crimes there are [*sic*] the possibility of longer terms for some of those crimes, also." 80th Ill. Gen. Assem., Senate Proceedings, November 22, 1977, at 110 (statements of Senator Netsch).

■ To conclude that attempted murder carries the same penalty as a Class X offense for general sentencing but then drops back to a Class 4 offense for the purpose of imposing consecutive sentences ignores the legislative scheme and mandate—penalties according to the seriousness of the offense. The seriousness of attempted murder does not change simply because we move from general sentencing to consecutive-term sentencing. See *People v. Arna* (1994), 263 Ill. App. 3d 578, 589 n.1, 635 N.E.2d 815, 822 n.1 (where the court determined that although attempted murder is subject to a Class X sentence but is not itself a Class X offense, this is a distinction without a difference for purposes of consecutive sentencing), *appeal allowed* (1994), 157 Ill. 2d 507, 642 N.E.2d 1287.

The case law supports our conclusion. Illinois appellate courts have already addressed and rejected the argument that attempted murder is a Class 4 felony. (See *People v. Warren* (1989), 183 Ill. App. 3d 197, 538 N.E.2d 1380; *People v. White* (1985), 134 Ill. App. 3d 262, 479 N.E.2d 1121; *People v. Zuniga* (1981), 99 Ill. App. 3d 396, 425 N.E.2d 1094; *People v. Calvert* (1980), 82 Ill. App. 3d 350, 402 N.E.2d 638.) In rejecting the argument, one court held:

> "[I]t would be anomalous for any court to hold that attempt murder should be downgraded by three categories with a commensurate reduction in the sentencing range simply because the prohibited act is not completed. Defendant's contention is, therefore, without support in law or logic." (*People v. Musial* (1980), 90 Ill. App. 3d 930, 936, 414 N.E.2d 61, 66.)

At least two supreme court cases assume that attempted murder itself is a Class X offense. (*People v. Lopez* (1995), 166 Ill. 2d 441, 453; *People v. Allen* (1992), 153 Ill. 2d 145, 153, 606 N.E.2d 1149, 1153.) However, in all fairness these cases did not deal with the issue at bar. One supreme court case, however, which does impact on the issue is *People v. Johnson* (1992), 149 Ill. 2d 118, 594 N.E.2d 253.

In *Johnson* defendant argued that his consecutive sentences for attempted murder should be made concurrent. The court concluded that the attempted murder convictions were subject to Class X sentences and, therefore, defendant was properly sentenced to consecutive terms. (*Johnson*, 149 Ill. 2d at 159, 594 N.E.2d at 273.) Notwithstanding *Johnson*, the defendant here argues that *People v. Jameson* (1994), 162 Ill. 2d 282, 642 N.E.2d 1207, supports his argument that attempted murder is a Class 4 felony for consecutive sentencing purposes because, as pointed out in *Jameson*, section 5—5—3(c)(8) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8) (now, as amended, 730 ILCS 5/5—5—3(c)(8) (West 1994))) permits an enhancement of the sentence without an enhancement of the classification of offense. Thus, the defendant argues, because attempted murder is only sentenced as a Class X felony and is, for all other purposes, treated as a Class 4 felony, the court is not required to impose consecutive sentences.

Defendant's reliance on *Jameson* is misplaced. The court in *Jameson* found that the State is not required to notify a defendant in the charging instrument of its intent to seek a Class X sentence pursuant to section 5—5—3(c)(8). Under this section, a defendant's sentence is increased because of prior felony convictions, but the class of offense with which the defendant is charged and convicted remains the same. (*Jameson*, 162 Ill. 2d at 290, 642 N.E.2d at 1210-11.) The court found that the legislature intended the notice provision of section 111—3(c) of the Code of Criminal Procedure of 1963 to apply only when a prior conviction elevates the classification of offense with which a defendant is charged, not in those instances in which a prior conviction simply increases the sentence imposed. In the instant case, the question is not what class felony attempted murder is for purposes of the charging instrument but how one convicted of attempted murder should be sentenced. Thus, we find that *Jameson* has no application to the issue presented for review.

Section 8—4 speaks of the sentencing as that for a Class X felony. To conclude that this reference to sentencing refers only to sentencing for the immediate offense and not to situations where consecutive sentencing is possible conflicts with the plain language of section 8—4. The language of section 8—4(c)(1) is clear. (*People v. Moore*

(1978), 69 Ill. 2d 520, 522, 372 N.E.2d 666, 668.) We conclude, therefore, that the trial court properly sentenced defendant to consecutive terms.

Turning to the issue of the jury instructions, defendant argues that the verdict is invalid because the jury was given conflicting instructions on the mental state needed to sustain a conviction for attempted first-degree murder. The jury was given two instructions on the definition of first-degree murder. Instruction 34 stated that a person commits first-degree murder if, "in performing the acts which cause the death, he intends to kill another." The second definitional instruction, instruction 32, stated that the State had to prove that in performing the acts which caused the deaths the defendant "intended to kill or do great bodily harm." Defendant did not object to the conflicting instructions at trial, nor did he raise this issue in a post-conviction motion.

■ To convict a defendant of attempted first-degree murder, it is necessary that the charge and jury instructions state that nothing less than the specific intent to kill must be proven beyond a reasonable doubt. (*People v. Trinkle* (1977), 68 Ill. 2d 198, 204, 369 N.E.2d 888, 892.) Nonetheless, in order for alleged errors to be preserved, they must be both objected to at trial and raised in a post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) Supreme Court Rule 451(c) (134 Ill. 2d R. 451(c)) permits the consideration of unpreserved errors in certain circumstances; however, the rule is invoked only where the evidence is closely balanced or the alleged error was so prejudicial that it deprived the defendant of a fair trial. (*People v. Easley* (1992), 148 Ill. 2d 281, 323, 592 N.E.2d 1036, 1055; *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331.) It is undisputed that instruction 34 correctly advised the jury that it must find that defendant intended to kill. Thus, the question is whether defendant was properly found guilty beyond a reasonable doubt even though the instructions were conflicting. Although it is error to include other mental states in attempted murder instructions, the inclusion does not always constitute grave error. (See *Roberts*, 75 Ill. 2d at 14, 387 N.E.2d at 337.) If the evidence is not closely balanced, instructional error which may allow a conviction for attempted murder without a finding of a specific intent to kill has not been considered plain error. (*People v. Leger* (1992), 149 Ill. 2d 355, 404, 597 N.E.2d 586, 608; *People v. Stevenson* (1990), 198 Ill. App. 3d 376, 383, 555 N.E.2d 1074, 1078.) In this case substantial evidence was presented to show that defendant acted with the intent to kill Danny Plunkett and Mary Ashley. The defendant stabbed each victim numerous times with a knife, causing deep lacerations. Plunkett's

neck wounds were close to his carotid artery and bled profusely. Ashley's wounds were also serious, and two came close to her heart and kidney. The credibility of the witnesses and the weight of the evidence are determinations within the province of the jury. (*People v. Sutherland* (1992), 155 Ill. 2d 1, 17, 610 N.E.2d 1, 8.) It was within the jury's province to believe Plunkett's and Ashley's version of the attack rather than the defendant's version and it was within the jury's province to believe that given the type and number of wounds the defendant inflicted, the defendant intended to kill Plunkett and Ashley. We, too, have examined the record and do not find that the evidence is so closely balanced factually that the error in the jury instructions constituted grave error.

Parenthetically, defendant argues that because his counsel failed to object to the erroneous jury instruction, counsel was ineffective. (See *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) Because we have determined that any deficiencies by defense counsel in failing to bring the instructional error to the trial court's attention did not deny the defendant a fair trial as there was no grave or reversible error, the defendant was not denied the effective assistance of counsel under the second prong of *Strickland*.

In light of the foregoing, the convictions and sentences of Edrow Perkins are affirmed.

Affirmed.

MAAG, P.J., and WELCH, J., concur.