THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD B. BAUMANN, Defendant-Appellant.

Second District   No. 2—99—0168

Opinion filed July 11, 2000.

G. Joseph Weller and Mark G. Levine, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Peggy F.J. Bradford, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Richard B. Baumann, pleaded guilty to the possession of a stolen motor vehicle, a Class 2 felony. See 625 ILCS 5/4—103(a)(1), (b) (West 1998). He previously had been convicted of attempted armed robbery (720 ILCS 5/8—4(a), 18—2(a) (West 1998)) and attempted residential burglary (720 ILCS 5/8—4(a), 19—3(a) (West 1998)). He filed a motion to declare himself ineligible for Class X (730 ILCS 5/5—5—

3(c)(8) (West 1998)) or extended-term (730 ILCS 5/5—5—3.2(b)(1) (West 1998)) sentencing. The trial court denied the motion and sentenced defendant to eight years' imprisonment, one year more than the maximum Class 2 sentence. See 730 ILCS 5/5—8—1(a)(5) (West 1998). Defendant appeals, arguing that his sentence is void. We affirm.

■ A defendant who is more than 21 years old is eligible for Class X sentencing if he is convicted of a Class 2 felony after "having twice been convicted of any Class 2 or greater Class felonies." 730 ILCS 5/5—5—3(c)(8) (West 1998). Furthermore, a defendant is eligible for extended-term sentencing if he is convicted of any felony within 10 years after being convicted of "the same or similar class felony or greater class felony." 730 ILCS 5/5—5—3.2(b)(1) (West 1998). As defendant concedes, the sole issue in this case is whether the trial court properly treated his prior offenses, attempted armed robbery and attempted residential burglary, as Class 2 or greater class felonies. If so, defendant's sentence is valid as a Class X (730 ILCS 5/5—8—1(a)(3) (West 1998)) or an extended-term (730 ILCS 5/5—8—2(a)(4) (West 1998)) sentence. If not, defendant is eligible only for a Class 2 sentence, and his sentence is void. See *People v. Arna*, 168 Ill. 2d 107, 113 (1995) ("A sentence which does not conform to a statutory requirement is void"). Because this is a question of law, our review of the trial court's ruling is *de novo*. See *People v. Ernst*, 311 Ill. App. 3d 672, 675 (2000).

Defendant attempted to commit the Class X felony of armed robbery (720 ILCS 5/18—2(b) (West 1998)) and the Class 1 felony of residential burglary (720 ILCS 5/19—3(b) (West 1998)). Therefore, he was subject to the following provisions of section 8—4(c) of the Criminal Code of 1961:

> "A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but ***
>
> ***
>
> (2) the sentence for attempt to commit a Class X felony is the sentence for a Class 1 felony;
>
> (3) the sentence for attempt to commit a Class 1 felony is the sentence for a Class 2 felony[.]" 720 ILCS 5/8—4(c)(2), (c)(3) (West 1998).

Defendant argues that, although these provisions classified the sentences for the offenses, they did not classify the crimes themselves. Therefore, according to defendant, the offenses were unclassified and subject to section 5—5—2(a) of the Unified Code of Corrections:

> "The particular classification of each felony is specified in the law defining the felony. Any unclassified offense which is declared

by law to be a felony or which provides a sentence to a term of imprisonment for one year or more shall be a Class 4 felony." 730 ILCS 5/5—5—2(a) (West 1998).

Defendant concludes that, for the purposes of determining his sentence in the current case, his attempted armed robbery and attempted residential burglary were Class 4 felonies. We disagree.

The essence of defendant's argument has been rejected several times. In *People v. Calvert*, 82 Ill. App. 3d 350 (1980), the defendant was convicted of attempted murder. The effective version of section 8—4(c) stated that "the sentence for attempt to commit murder shall not exceed the sentence for a Class 1 felony." Ill. Rev. Stat. 1975, ch. 38, par. 8—4(c)(1). The defendant was sentenced to 5 to 10 years' imprisonment, and he appealed. He argued that section 8—4(c) left attempted murder unclassified and that, under section 5—5—2(a), the offense was a Class 4 felony subject only to a sentence of one to three years. See Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(b)(5). Rather summarily, the court rejected the argument and upheld the defendant's sentence. *Calvert*, 82 Ill. App. 3d at 352-53.

Likewise, in *People v. Musial*, 90 Ill. App. 3d 930 (1980), the defendant was convicted of attempted murder and sentenced to 8 to 15 years' imprisonment. Under the same version of section 8—4(c), the defendant argued that attempted murder was unclassified and subject only to a Class 4 sentence. Following *Calvert*, the court stated as follows:

> "We think it would be anomalous for any court to hold that attempt murder should be downgraded by three categories with a commensurate reduction in the sentencing range simply because the prohibited act is not completed. Defendant's contention is, therefore, without support in law or logic." *Musial*, 90 Ill. App. 3d at 936.

Most instructive here, however, is *People v. Perkins*, 274 Ill. App. 3d 834 (1995). In that case, the defendant was convicted of two counts of attempted first-degree murder and sentenced to consecutive prison terms of 20 and 25 years. He appealed, arguing that consecutive sentences were not mandatory.

At the time, section 8—4(c) stated, as it does now, that "the sentence for attempt to commit first degree murder is the sentence for a Class X felony." 720 ILCS 5/8—4(c)(1) (West 1992). The defendant's consecutive sentences were mandatory if, as the trial court determined, attempted first-degree murder was a Class X felony for consecutive sentencing purposes. See 730 ILCS 5/5—8—4(a) (West 1994). However, the defendant argued that, for those purposes, attempted first-degree murder was a Class 4 felony under section 8—4(c) and section 5—5—2(a).

The appellate court noted that attempted murder, in the absence of certain aggravating factors (see 720 ILCS 5/8—4(c)(1) (West 1994)), was unclassified. However, it ruled that, for the purposes of consecutive sentencing, the distinction between the classification of the crime and the classification of the sentence was "a distinction without a difference." *Perkins*, 274 Ill. App. 3d at 837, citing *People v. Arna*, 263 Ill. App. 3d 578, 589 n.1 (1994). The court reasoned:

> "To conclude that attempted murder carries the same penalty as a Class X offense for general sentencing but then drops back to a Class 4 offense for the purpose of imposing consecutive sentences ignores the legislative scheme and mandate—penalties according to the seriousness of the offense. The seriousness of attempted murder does not change simply because we move from general sentencing to consecutive-term sentencing." *Perkins*, 274 Ill. App. 3d at 837.

Therefore, the court affirmed the defendant's consecutive sentences.

■ We agree with the principles articulated in *Perkins*. We read section 8—4(c)(2) to mean that, although an attempt to commit a Class X felony is unclassified, it is to be treated as a Class 1 felony for all sentencing purposes, not merely for "sentencing for the immediate offense." *Perkins*, 274 Ill. App. 3d at 838. Similarly, under section 8—4(c)(3), an attempt to commit a Class 1 felony is to be treated as a Class 2 felony for all sentencing purposes, including, as in this case, the enhancement of the sentence for a subsequent offense. Therefore, we hold that, in determining defendant's eligibility for a Class X or an extended-term sentence, the trial court properly treated his attempted armed robbery and attempted residential burglary as Class 2 or greater class felonies.

The legislature obviously believed that an attempt to commit a Class X or a Class 1 felony was as serious as, respectively, a Class 1 or a Class 2 felony. It also clearly believed that, under the enhancement statutes at issue here, a defendant's eligibility for a Class X or an extended-term sentence was based on the seriousness of his prior crimes. Defendant would have us conclude that, although his prior crimes were relatively serious when he committed them, they are relatively mild in the present context. We simply cannot imagine that the legislature intended such a result. The primary rule of statutory construction is to ascertain and effectuate the legislature's intent (*People v. Woodard*, 175 Ill. 2d 435, 443 (1997)), and we are confident that we have done so here.

A final observation is in order. One court has stated that, in light of *People v. Olivo*, 183 Ill. 2d 339 (1998), *Perkins* no longer reflects "the current state of the law." *People v. Pullen*, 304 Ill. App. 3d 294,

297 n.1 (1999). We note, however, that neither *Olivo* nor *Pullen* had anything to do with the central issue in *Perkins*: the treatment of attempt offenses for the purposes of consecutive sentencing. Therefore, *Pullen* does not dissuade us from following *Perkins* here.

For these reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN, P.J., and THOMAS, J., concur.